RECEIVED
IN ALEXANDRIA, LA
JUL 10 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN TODD, et al. | CIVIL ACTION NO. 07-0112 |
| | c/w 07-0114 |
| | c/w 07-0116 |
| | c/w 07-0117 |
| -vs- | |
| | JUDGE DRELL |
| PRECISION BOILERS, et al. | MAGISTRATE JUDGE KIRK |

## RULING and ORDER

Before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 64) filed by defendant Honeywell International, Inc. ("Honeywell"), seeking to dismiss the cross-claim of co-defendant Precision Boilers, Inc. ("Precision Boilers") against Honeywell. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

In this consolidated case, the various plaintiffs have sued the defendants for injuries and damage caused by the explosion of a new boiler being installed at the Federal Correctional Complex in Pollock, Louisiana. The plaintiffs allege that the boiler was manufactured by Precision Boilers and that it contained, inter alia, a burner assembly unit purchased from Power Flame, Inc. ("Power Flame"), which unit, in turn, contained a burner control component manufactured by Honeywell.

On November 21, 2007, we granted Precision Boilers leave to file a cross-claim against Power Flame and Honeywell, which it filed on November 26, 2007. As to Honeywell, Precision Boilers claims:

> [I]t is denied at all times that there was a defective condition in any aspect of the subject boiler, including its component parts. However, if it is ultimately determined that there was a defective or deficient condition of the component parts of the burner control supplied by Honeywell that caused or contributed to the damages of any party herein, then Honeywell is liable to Precision Boilers under Louisiana redhibition law for reimbursement of all costs of these proceedings, including any judgments, costs and attorneys fees, as the manufacturer of a product is presumed to know of the defects in the product which causes damage.

(Doc. 55, p. 6). Based upon these assertions, in the event of a finding of fault relating to the boiler, Precision Boilers prayed for "full indemnification from any such judgment, as well as all costs, attorneys fees, and other expenses, together with interest incurred, in defense of this litigation against Power Flame and/or Honeywell." (Id.)

On January 17, 2008, Honeywell filed the instant motion to dismiss (Doc. 64) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Precision Boilers is not entitled to indemnification from Honeywell under any viable legal theory, whether contract, tort, or redhibition. We address Honeywell's arguments below.

## RULE 12(b)(6) STANDARD

Under Fed. R. Civ. P. 12(b)(6), a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." Id. The Fifth Circuit has summarized the standard for deciding such motions as follows:

> Motions to dismiss are viewed with disfavor and are rarely granted. Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those

2

well-pleaded factual allegations in the complaint. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted).

Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005).

## LAW AND ANALYSIS

Our analysis of Precision Boilers's cross-claim against Honeywell must be divided between Precision Boilers's "full indemnification" claim relating to the plaintiffs' tort claims and Precision Boilers's own redhibition claim, although Precision Boilers's own cross-claim pleading is not so clearly divided.

### INDEMNITY FOR PLAINTIFFS' TORT CLAIMS

Precision Boilers's cross-claim specifically demands "full indemnification" from Honeywell for "the damages of any party." (Doc. 55, p. 6). However, Precision Boilers asserts no contractual basis for seeking indemnity from Honeywell. Consequently, contractual indemnity is unavailable. The other primary potential source of indemnity, Louisiana tort law, is similarly unavailing. Article 2323 of the Louisiana Civil Code provides, in relevant part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss

3

as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

Id. Article 2324 provides, in relevant part:

A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Id.

The underlying plaintiffs in this case have not alleged that the defendants' acts were intentional or willful. Thus, under La. Civ. Code art. 2324, the defendants are not solidary obligors, only joint and divisible obligors; none "shall . . . be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person." Id. Furthermore, both Precision Boilers and Honeywell are named defendants in this action. Ultimately, following trial on the merits, where the jury will assess each party's fault, there is no risk that Precision Boilers will have to pay for Honeywell's independent fault. Each co-defendant will have to pay for its own fault relating to the plaintiffs' tort claims, and nothing more. Accordingly, to

the extent Precision Boilers's cross-claim against Honeywell seeks "full indemnification" with respect to the plaintiffs' tort claims against Precision Boilers, Honeywell's motion to dismiss will be granted in part.

## REDHIBITION CLAIM

Although Precision Boilers may not seek indemnity based on the plaintiffs' tort claims, Precision Boilers may still have its own redhibition claim against Honeywell.

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

La. Civ. Code art. 2520.

Although notice to the seller of a thing is usually required, "[s]uch notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold." La. Civ. Code art. 2522. "A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing." La. Civ. Code art. 2545.

Here, Precision Boilers asserts that Honeywell was the manufacturer of a redhibitorily defective burner control component. Although Precision Boilers did not purchase the Honeywell part directly from Honeywell, Precision Boilers is apparently in

5

the chain of title and distribution, as the Honeywell component was part of the Power Flame burner assembly unit which was purchased by Precision Boilers. Under La. Civ. Code art. 2548, "[t]he buyer is subrogated to the rights in warranty of the seller against other persons, even when the warranty [against redhibitory defects] is excluded." Id. At this stage, we assume that Precision Boilers may step into the shoes of intermediate links in the chain of title to assert a redhibition claim against Honeywell. Louisiana courts have recognized that an intermediate seller may pursue its own redhibition claim against a seller or manufacturer higher in the chain of title for, e.g., economic loss and attorney's fees. See Daigle v. Volkswagen of America, Inc., 580 So. 2d 722, 724 (La. App. 3 Cir. 1991) ("On a third party demand against a manufacturer, an intermediate seller is entitled to an award of attorney's fees. This is so, even if the seller were held not liable to the purchaser.") (citing Holden v. Clearview Dodge Sales, Inc., 416 So.2d 335 (La.App. 4 Cir.1982), writs denied, 421 So.2d 248, 249 (La.1982)). See also Draten v. Winn Dixie of Louisiana, Inc., 652 So. 2d 675 (La. App. 1 Cir. 1995) (permitting a defendant, successful in defending the plaintiff's claims at trial, to pursue a cross-claim in redhibition, for economic loss and attorney's fees, against a co-defendant manufacturer, after that manufacturer had previously settled with the plaintiff with respect to the plaintiff's own claims).

At this stage, we cannot say that there is no set of facts under which Precision Boilers could prove a redhibition claim against Honeywell, so we cannot say that Precision Boilers has failed to state a claim against Honeywell under Fed. R. Civ. P.

12(b)(6). Accordingly, the motion will be denied as to Precision Boilers's redhibition claim against Honeywell.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Honeywell's motion to dismiss the cross-claim of Precision Boilers (Doc. 64) is GRANTED IN PART as to Precision Boilers's claims for indemnification relating solely to the plaintiffs' tort claims. Otherwise, the motion is DENIED. Precision Boilers shall be allowed to proceed on its cross-claim in redhibition against Honeywell for any appropriate relief under that claim.

SIGNED on this 9th day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE