UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TODD | CIVIL ACTION NO. 07-0112 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| PRECISION BOILERS, INC., et al | |
| | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

Ruling on Discovery

     Before the court is a motion by Defendants, Power Equipment Company of Memphis, Inc. (Power Equipment) and Steve Saunders to complete the Rule 30(b)(6) corporate deposition of defendant, Honeywell International, Inc. (Honeywell), **doc. # 86**.

Power Equipment noticed the corporate deposition of Honeywell to take place in Minneapolis and designated subject matter areas of inquiry as it is required to do. Honeywell designated two corporate employees as witnesses pursuant to FRCP Rule 30(b)(6). However, Honeywell refused to allow the two depositions to be conducted for more than 7 hours total. Honeywell asserts that the time limit had been agreed upon by counsel for all parties to the case as to all depositions and Power Equipment has not disputed that assertion. Nevertheless, Power Equipment had not completed its examination when the deposition was concluded. Many questions asked by Power Equipment's attorney were questions to which Honeywell's attorney objected during the deposition and instructed the witnesses not to

answer.

Because I find (below) that Honeywell's attorney unreasonably obstructed and interfered with the taking of the deposition, and because FRCP Rule 30(d)(1) allows each witness to be deposed for up to seven hours without court order, the motion to complete the deposition is GRANTED. Power Equipment may take up to 7 hours to depose each[1] of the designated corporate representatives. If additional time is needed it's counsel shall contact the undersigned. If other parties feel prejudiced by their apparent unilateral agreement to limit the time for depositions without court approval, they may petition the court with good cause for leave to supplement other depositions.

Should any disputes arise during the depositions, THE PARTIES ARE ORDERED to immediately contact the undersigned or the district judge so they may be promptly resolved at minimal expense to the parties.

During the deposition, the transcript of which the court has reviewed, counsel for Honeywell constantly interrupted the examination of the witnesses and made numerous and excessive objections, the majority of which I find were legally insufficient and frivolous. Counsel repeatedly instructed the 30(b)(6) designated witnesses not to answer the question. Many of the instructions not to answer were based on counsel's erroneous belief

---

[1] See Advisory Committee notes to 2000 amendments to Rule 30(d)(2), now 30(d)(1).

that the witnesses were not permitted to be asked about matters not specifically contained in the areas of inquiry listed in the deposition notice or to be questioned about matters in the witnesses' personal knowledge. Counsel also instructed the witnesses not to answer any questions in any area in which they were not specifically designated to testify, without regard to whether the witness had knowledge to answer the question or not.

Sometimes the attorney asked counsel for Power Equipment to explain the question even when the witness had voiced no difficulty in understanding its plain meaning. There were occasions when the attorney asked that the question be read back. In one exchange, the attorney for Honeywell asked that the question be read back by the court reporter and Power Equipment's counsel replied:

> Mr. Markle: Well, you know, if we didn't have this constant interruption, we wouldn't have these questions constantly being read back.

Counsel for Honeywell then "instructed" Mr. Markle, an attorney with far more experience than she:

> Ms. MVO[2]: Unfortunately that's how depositions go, Mr. Markle, and I'm sure you're aware of it.[3]

Ms. MVO also sought to insist that Power Equipment's attorney tell her to which area of inquiry certain questions related. For

---

[2] Initials are used so that the easily corrected errors and transgressions described herein will not forever follow counsel, via electronic data-base searches.

[3] Perhaps that's "how depositions go" when Ms. MVO is involved, but it is certainly not true generally, should not be true and will not be true in depositions taken in cases pending in this court. See Advisory Committee Notes to Rule 30.

3

example, in another exchange, Honeywell's attorney suggested:

> Ms. MVO: We are not here today for Mr. McCarthy to share anything he knows, the knowledge about anything. We are here to share information about what you've noticed to be deposed. So if you can direct me-and if you can, that's fine. But I'm not clear where you're talking about valve issues related to-on your notice.
>
> Mr. Markle: Counsel, I'm not wasting anyone's time to do that. If you are going to instruct this witness improperly not to answer the questions, do so and we'll move on. If you are going to let him answer valid questions, then let's get on with it and quit fooling around with it.
>
> Ms. MVO: If you are not willing to tell me where it is at (sic) in that deposition notice and take the time to do that, then he is not going to answer.

In other instances, Honeywell's counsel suggested the answer to the question in her objection to it and sometimes interrupted the witness, who was beginning to answer the question, to restate it.

Finally, Power Equipment had had enough of it and counseled Honeywell's attorney as follows:

> Mr. Markle: Counsel, I'm going to tell you, this is wrong what you're instructing this-I've been doing this for 35 years. It's wrong. The court is not going to appreciate it. I don't appreciate it And I'm telling you right now I'm going to ask you to change your attitude on this because it's wrong.

I find Honeywell's counsel's constant interruptions and legally insufficient objections to have obstructed the orderly and efficient taking of meaningful depositions. "While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time." 1993 Advisory Committee

4

Notes to Rule 30.

FRCP Rule 30(c)(2) authorizes an attorney to instruct a witness not to answer a question in only three instances-where it is necessary to preserve a privilege, to enforce a limitation by the court or to present a motion under Rule 30(d)(3). The reasons for Honeywell's instructions to the witnesses in this case not to answer are not included in the rule.

Further, counsel should take note that Rule 30(b)(6) regulates a corporate deposition. "Rule 30(b)(6) streamlines the discovery process. It places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." <u>Resolution Trust Corp. v. Southern Union Co., Inc.</u>, 985 F.2d 196 (5th C. 1993).

Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the

organization itself. Therefore, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. See <u>Brazos River Authority v. GE Ionics, Inc.</u>, 469 F.3d 416 (5th Cir. 2006)(citations and quotation marks omitted).

"Obviously it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation." Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's position on the topic. * * * When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is

6

deficient, the corporation is obligated to provide a substitute." Id. (citations and quotation marks omitted).

During the supplemental depositions in this case, the corporate designee witnesses may be asked questions within their personal knowledge as well as within the corporation's knowledge. Indeed, personal knowledge of the witnesses as employees of Honeywell is corporate knowledge. See <u>Brazos</u>, p. 433; <u>U.S. ex rel Fago v. M & T Mort. Corp.</u>, 235 F.R.D. 11 (D.D.C. 2006). In addition, in accordance with Rule 26(b)(1), the witnesses may be examined on any nonprivileged and relevant matters within their knowledge and questioning is not limited to the areas of inquiries or topics set forth in the notice of deposition. If the deponent can answer the question, the examining party has a right to that relevant information. If the deponent does not know the answer and it is not one on which he was required to prepare under Rule 30(b)(6), he can say so and no interjection by counsel is necessary or appropriate. The designation of areas of inquiry for the deposition required under Rule 30(b)(6) limits the subject matter the deponent is required to prepare for, but does not restrict the examining attorney's inquiry. See <u>King v. Pratt & Whitney</u>, 161 F.R.D. 475 (S.D. Fla. 1995), aff'd. 213 F.3d 646 & 647 (11th C. 2000). See also <u>Cabot Corp. v. Yamulla Enterprises, Inc.</u>, 194 F.R.D. 499 (M.D. Pa. 2000). A party should not be hamstrung in its attempt to obtain relevant information which a witness possesses.

7

Further, examining counsel is not required to preface each question to the designated witness with a statement as to which listed area of inquiry the question pertains. The witness is required by Rule 30(b)(6) to be prepared for all listed subject matter areas.

Litigation is not a game, but rather is a search for the truth and an effort to obtain justice. See <u>Bintliff v. U.S.</u>, 462 F.2d 403 (5th C. 1972); <u>Sims v. ANR</u>, 77 F.3d 846 (5th C. 1996); <u>Hall v. Freese</u> 735 F.2d 956 (5th C. 1984).

The costs of supplementing the depositions of Honeywell shall be borne by Honeywell's attorneys. In addition, Honeywell's attorney IS ORDERED to familiarize herself with the provisions of FRCP Rule 30, including the Advisory Committee Notes, the <u>Brazos</u> case, and the Rules of Professional Conduct applicable to attorneys who practice in this court, including those who enjoy the privilege granted them by this court to appear *pro hac vice*.

Alexandria, Louisiana, October 24, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE